## Bouman v. Kutsch

*John H. Brydon, District Attorney, David Cook, Assistant District Attorney, James Taylor* and *Lee*

*C. McCandless,* for plaintiffs.
*D. L. Hankey,* for defendant.

DILLON, *J.*, June 10, 1975—This complaint for an injunction seeks to restrain a rock festival

scheduled for June 15, 1975, at Kutsch Farm in Clinton Township.

An evidentiary hearing was held June 9, 1975, before the undersigned. Plaintiffs were represented by Attorneys David Cook, in behalf of the District Attorney, James Taylor, in behalf of Clinton Township, and Lee C. McCandless, in behalf of the county. Attorney D. L. Hankey represented Mr. Kutsch.

The Kutsch Farm is located in Clinton Township and plaintiffs' exhibit 2 graphically illustrates the site. It lies between Larden Town Road and Stark Road. Access to this site may be from Routes 8, 356, or 908. The Route 8 traveler would come across Route 228 and then south on the Larden Town Road to Stark and northeast on Stark to the three entrances to the site. The 356-traveler would eventually come onto Stark Road and approach the site from the northeast. Lastly, the 908-traveler would move north on Larden Town Road or on the Ekastown Road and Stark Road.

Plaintiffs' exhibits 10 and 11 are flyers or handbills advertising this Open Air Country Festival for June 15, 1975, from 1 p.m.—?. On the reverse side of exhibit 11 is a map of the area. Clinton Township has a zoning ordinance enacted pursuant to the Pennsylvania Municipalities Planning Code (53 P.S. §§10101, et seq.) The Kutsch Farm is in an agricultural district. The ordinance is plaintiffs' exhibit 3. The testimony elicited at the hearing reveals that this proposed use of the Kutsch Farm would be categorized as a special exception. The ordinance requires a written application for such special use must be submitted to the Zoning Hearing Board. No such request was made in this case. Thus, defendant is in violation of this zoning ordi-

nance and is confronted with the enforcement remedies under the Pennsylvania Municipalities Planning Code: 53 P.S. §10617. Basically, that section provides that "[i]n case any . . . land is, or is proposed to be, . . . used in violation of any ordinance enacted under this act, . . . the governing body . . . in addition to other remedies, may institute in the name of the municipality any appropriate action or proceeding . . . to prevent in or about such premises, any act, . . . or use constituting a violation."

This matter is properly before this court on such a violation and the relief sought under this section is clear.

Plaintiffs have anchored their position on a much broader basis. They have introduced testimony as to the inadequacies of the road system, which inadequacy was elicited from Thomas Sivak of the Pennsylvania State Police and Mr. Hoover, who testified as to a road study made in October of 1973. This study pertained to Stark and Larden Town Roads. The average hourly traffic on both roads was light, Larden Town being 18 plus per hour and Stark five plus per hour. Both of these roads are, at best, two lanes and there are areas where two cars cannot pass each other. To suddenly inundate this area with a flow of "open air" concert devotees defies the imagination as to the traffic ramification.

In addition, the testimony reveals that Clinton Township employs two part-time policemen, which would be inadequate in controlling this festival. Defendant attempts to counter this from the testimony of Donald E. Kirkwood, a part-time policeman from Armstrong County. However, the crew he hopes to employ would have no police powers in this county.

Mr. Kutsch's testimony reveals that his planning for this enterprise is woefully weak. The sanitary facilities are not adequate. He hopes to employ the two ambulances that service the Lernerville Races, but this is not firmed up.

I suspect that some promoter has sold Mr. Kutsch a bill of goods and he has proceeded without sound legal advice.

We also had the benefit of the testimony of Sheriff Watson regarding previous experiences of such festivals in Butler County. Mushroom I produced chaotic traffic conditions on Route 8 North. Considering this with the testimony of the State Police undercover agent as to the widespread drug and alcohol abuse that is attendant to such a festival, it is apparent that the health and welfare of the citizens of Butler County would not be promoted by such a concert and must be restrained.

## ORDER

Now, June 10, 1975, in conformance with the foregoing memorandum opinion, it is ordered, adjudged and decreed:

1. Defendant, George J. Kutsch, is hereby enjoined and prohibited from conducting an open air county festival on his farm in Clinton Township, Butler County, on Sunday June 15, 1975.

2. Defendant, George J. Kutsch, is hereby enjoined and prohibited from permitting the use of his property for such an open air county festival on Sunday, June 15, 1975.

3. Defendant is directed to use the media that has been advertising such a festival to now announce its cancellation.